IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CLIFFORD H. RILEY and <br> BEATRICE RILEY, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | Case No. 4:15-cv-00200-SRB |
| DEPARTMENT OF <br> VETERANS AFFAIRS, et al. | ) <br> ) <br> ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Plaintiffs' pro se motion (Doc. #30) requesting the Court allow Plaintiffs leave to amend their complaint and an extension of time to respond to Defendants' motion to dismiss. For the reasons discussed below, Plaintiffs' pro se motion (Doc. #30) is granted in part and denied in part. Specifically, Plaintiffs' motion for leave to amend their complaint is DENIED, and Plaintiffs' request for an extension of time is GRANTED.

**I.    Motion to Amend Complaint**

Plaintiffs seek leave to amend their complaint "to meet the standards of the law of this Court." Plaintiffs propose additional parties and claims that allegedly arose out of the foreclosure and removal of Plaintiffs from their residence.

Under Federal Rule of Civil Procedure 15, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a motion to amend should not be granted if the amendment is futile. See Zutz v. Nelson, 601 F.3d 842, 852 (8th Cir. 2010) (affirming the denial of a motion to amend due to futility). An amendment is futile if "'the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedures.'" Id. at 850 (quoting Cornelia I. Crowell GST Trust v. Possis Med.,

Inc., 519 F.3d 778, 782 (8th Cir. 2008)). Accordingly, a court must determine if a proposed amended complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 559 U.S. 662, 678 (2009) (quoting Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007)).

Plaintiffs seek to assert additional claims against numerous parties including Millsap & Singer, P.C., agents of the current named Defendants, agents of former defendant Chisholm, Chisholm & Kilpatrick and agents and counsel of the U.S. Department of Veterans Affairs. Plaintiffs claim the additional parties "willing[ly] and knowingly conspired with other parties to foreclose and remove the Plaintiffs from their place of residence located at 3231 Jackson Avenue, Kansas City, Missouri 64128, by unlawful fraudulent means." Additionally, Plaintiffs wish to assert claims against an agent of former defendant Chisholm, Chisholm & Kilpatrick for "conspir[ing] with other parties to deny Veteran Disability Benefits to Plaintiff, Clifford H. Riley, and consequently denying Plaintiff, Beatrice Riley, as a consortium to this cause." After a review of the proposed additional parties and claims, the Court finds that Plaintiffs are unable to assert sufficient factual matter to show a claim to relief that is plausible on its face as required by Iqbal.

Thus, the Court concludes that the proposed amendments would not withstand the scrutiny of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and are, therefore, futile. Plaintiffs' motion for leave to amend their complaint as proposed is denied.

II.     **Motion for Extension of Time to Respond to Defendants' Motion to Dismiss**

Plaintiffs request additional time to "allow them to pursue legal assistance … [and] to fully develop this case." The Court has construed Plaintiffs request as a request for additional time to respond to the motion to dismiss filed by Defendants Dovenmuehle Mortgage, Inc. and

Matrix Financial Services Corporation.

Plaintiffs have made efforts to obtain legal assistance as evidenced by the July 8, 2015, letter attached to their pro se motion. The letter states Stephanie Horner of Horner Law, LLC is experienced with this type of litigation and has agreed to consult with Plaintiffs on this matter.

Accordingly, the Court grants Plaintiffs a thirty (30) day extension in which to file their suggestions in opposition to Defendants Dovenmuehle Mortgage, Inc. and Matrix Financial Services Corporation's Motion to Dismiss (Doc. #27) in accordance with Local Rule 7.0(d). Failure to respond will be treated as lack of opposition to the motion and will likely result in dismissal of Plaintiffs' claims against Defendants Dovenmuehle Mortgage, Inc. and Matrix Financial Services Corporation.

### III. Conclusion

Accordingly, it is hereby ORDERED that Plaintiffs' pro se motion (Doc. #30) is granted in part and denied in part. Plaintiffs' motion for leave to amend their complaint is DENIED because the amendments would not withstand the scrutiny of a motion to dismiss. Plaintiffs' request for an extension of time is GRANTED. Plaintiffs have thirty (30) days from the date of this Order to respond to Defendants' motion to dismiss.

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: July 27, 2015