IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CLIFFORD H. RILEY and<br>BEATRICE RILEY, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | ) | Case No. 4:15-cv-00200-SRB |
| DEPARTMENT OF<br>VETERANS AFFAIRS, et al. | )<br>)<br>)<br>) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants Dovenmuehle Mortgage, Inc. and Matrix Financial Services Corporation's Motion to Dismiss (Doc. #27). For the reasons discussed below, Defendants' motion is granted.

### I.  Background

Plaintiffs Clifford Riley and Beatrice Riley brought this action against Defendant Dovenmuehle Mortgage, Inc. ("DMI"), Matrix Financial Services Corporation ("Matrix") and three other named defendants for numerous claims stemming from the anticipated foreclosure and eviction of Plaintiffs from the property located at 3231 Jackson Ave., Kansas City, Missouri 64128. Plaintiffs' pro se complaint against Defendants DMI and Matrix claims that (1) Defendants are attempting to unlawfully foreclose on their property; (2) Defendants have caused undue hardship on Plaintiffs and their family; (3) there is a conflict between Defendants in this action and the separate VA disability claim; (4) Defendants have withheld funds from Plaintiffs; and (5) Defendants have not been open to Plaintiffs reasonable efforts to come to an equitable solution.

On July 7, 2015, Defendants DMI and Matrix filed their Motion to Dismiss Plaintiffs'

Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Defendants DMI and Matrix argue Plaintiffs' claims must be dismissed because (1) the cause of action is moot; (2) Defendants DMI and Matrix are no longer parties in interest as the property sold to a third party; (3) undue hardship is not a recognized cause of action; and (4) the Court lacks subject-matter jurisdiction with respect to the VA Benefits.

## II.     Legal Authority

Federal Rule of Civil Procedure 12(b)(6) allows causes of action to be dismissed for "failure to state a claim upon which relief can be granted." In evaluating claims challenged under this rule, courts must accept all well-plead allegations as true. Fitzgerald v. Barnstable Sch. Comm., 555 U.S. 246, 249 (2009) ("Because this case comes to us on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we assume the truth of the facts as alleged in petitioners' complaint."). However, allegations representing "legal conclusions or 'formulaic recitation of the elements of a cause of action' . . . may be properly set aside." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009)). Pleadings do "not require 'detailed factual allegations,'" but must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)); see also Ritchie v. St. Louis Jewish Light, 630 F.3d 713, 717 (holding that dismissal of an action was appropriate when the "complaint merely alleged, but did not show, that [plaintiff] is entitled to relief" and required the court to "infer more than the mere possibility of misconduct."). "The pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action." Twombly, 550 U.S. at 555 (internal citations omitted).

The "evaluation of a complaint upon a motion to dismiss is a context-specific task that

requires the reviewing court to draw on its judicial experience and common sense." Braden, 588 F.3d at 594 (internal citations omitted). A claim may not be dismissed, however, simply because the judge disbelieves the allegations or finds the likelihood of recovery remote. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002). "[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Braden, 588 F.3d at 594.

### III. Discussion

Plaintiffs' pro se complaint asserts claims against Defendants DMI and Matrix in an effort to prevent the foreclosure of their property until the VA disability claim, pending in a separate action, has been resolved. Defendants DMI and Matrix argue they should be dismissed from this action because (1) the cause of action is moot because the property has been sold to a third party; (2) Defendants DMI and Matrix are no longer parties in interest as a result of the foreclosure sale; (3) "undue hardship" is not a recognized cause of action; and (4) the Court lacks subject-matter jurisdiction with respect to the VA Benefits. In Plaintiffs' response, they have failed to respond to Defendants' arguments set out in their Motion to Dismiss. Instead, Plaintiffs have attempted to amend their complaint to include claims against Defendants DMI and Matrix for wrongful foreclosure.

#### a. Defendants DMI and Matrix' Motion to Dismiss

Defendants DMI and Matrix assert this cause of action is moot because the complaint seeks to prevent the foreclosure sale of the property which has already been sold to a third party. Defendant argues Plaintiffs failed to secure injunctive relief prior to the March 23, 2015, foreclosure sale. Therefore, Defendants claim the Complaint no longer contains a live controversy.

The Constitution of the United States extends the "judicial power" of the federal government only to "Cases" or "Controversies." U.S.Const., art. III, s 2. "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" Already, LLC v. Nike, Inc., 133 S. Ct. 721, 726-27, 184 L. Ed. 2d 553 (2013) (internal citations omitted). Moreover, "no justiciable controversy is presented ... when the question sought to be adjudicated has been mooted by subsequent developments...." Flast v. Cohen, 392 U.S. 83, 95, 88 S.Ct. 1942, 1949-50 (1968) (footnote omitted).

In the present case, Plaintiffs brought this action to "stop the foreclosure until litigation [is] complete." (Doc. #7, p.4). But, the subject property was subsequently sold to a third party on March 23, 2015, in a foreclosure sale. Consequently, Defendants DMI and Matrix no longer hold title, claim or interest in the subject property, and therefore, lack a legally cognizable interest in the outcome of this case.

The Court finds the dispute is no longer embedded in a justiciable controversy and must be deemed moot. Therefore, Plaintiffs' cause of action must be dismissed as to Defendants DMI and Matrix. Because the Court finds that Plaintiffs' Complaint fails to state a justiciable controversy against Defendants DMI and Matrix, the Court need not address Defendants' remaining arguments.

**b. Plaintiffs' Pro Se Motion to Amend Complaint**

After reviewing Plaintiffs' pro se response in opposition to Defendants' Motion to Dismiss (Doc. #33), the Court acknowledges that it appears Plaintiffs seek to amend their Complaint to assert a new claim for wrongful foreclosure.

Under Federal Rule of Civil Procedure 15, "[t]he court should freely give leave [to

amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a motion to amend should not be granted if the amendment is futile. See Zutz v. Nelson, 601 F.3d 842, 852 (8th Cir. 2010) (affirming the denial of a motion to amend due to futility). An amendment is futile if "'the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedures.'" Id. at 850 (quoting Cornelia I. Crowell GST Trust v. Possis Med., Inc., 519 F.3d 778, 782 (8th Cir. 2008)). Accordingly, a court must determine if a proposed amended complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 559 U.S. 662, 678 (2009) (quoting Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007)).

Plaintiffs seek to assert a claim against Defendants DMI and Matrix for wrongful foreclosure. "A wrongful foreclosure action seeking damages requires plaintiff to prove that he was not in default and, thus, there was no right to foreclose on the property." Lackey v. Wells Fargo Bank, N.A., 747 F.3d 1033, 1037 (8th Cir. 2014), reh'g denied (May 13, 2014) (citing Fields v. Millsap & Singer, P.C., 295 S.W.3d 567, 572 (Mo. Ct. App. 2009)). "A wrongful foreclosure action seeking to quiet title or set aside a sale may proceed, however, whenever plaintiff alleges certain wrongful acts that are sufficient to render the sale void." Id.

In the original complaint, Plaintiffs allege that "Defendant(s) have unreasonably withheld funds from Plaintiffs for a number of years, as so the Plaintiffs cannot afford the scheduled payments as set forth 'by' the Defendant(s)." (Doc. #7, p. 2). Plaintiffs have failed to allege that they were not in default on their mortgage loan or that Defendants committed certain wrongful acts sufficient to render the sale of the property void.

After a review of the Complaint and the proposed amendments, the Court finds that Plaintiffs have failed to allege sufficient factual matter to show a claim for relief that is plausible

on its face as required by Iqbal. Thus, the Court concludes that the proposed amendments would not withstand the scrutiny of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and are, therefore, futile. Plaintiffs' proposed amendments are denied.

IV. **Conclusion**

Accordingly, it is hereby

**ORDERED** that Defendants Dovenmuehle Mortgage, Inc. and Matrix Financial Services Corporation's Motion to Dismiss (Doc. #27) is GRANTED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: September 3, 2015